UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STEPHEN SMITH,

                      Plaintiff,

-against-

US BANK NATIONAL ASSOCIATION MASTR
ASSET, SECURITIES TRUST 2006-WMC2 and
WMC MORTGAGE GROUP,

                      Defendants.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**
22-CV-4207 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On July 14, 2022,[1] *pro se* Plaintiff Stephen Smith filed this action against U.S. Bank National Association and WMC Mortgage Group. (Complaint ("Compl."), Dkt. 1, at ECF 1.[2]) Plaintiff seeks $650,000 in damages and injunctive relief. (*Id.*, at ECF 11.) Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted. (Dkt. 2.) For the reasons set forth below, Plaintiff's Complaint is dismissed.

## BACKGROUND

Plaintiff alleges that Defendants "lacked standing" to commence a foreclosure proceeding for property located at 145-48 224th Street, Rosedale, New York 11422 (the "Property"). (Compl., Dkt. 1, at ECF 1, 4–5.) He alleges that "[t]his is not about the '. . . foreclosure case itself or the judgment . . .' but the status and standing of the defendant's ability to commence the proceedings." (*Id.*, at ECF 6.)

---

[1] Although the Complaint is dated May 31, 2022, it was not submitted to the Court for filing until July 14, 2022. (Compl., Dkt. 1, at ECF 1, 11.)

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

Plaintiff includes documents related to the assignment of mortgage for the Property at issue (*Id.*, Dkt. 1, at ECF 12–14, 18), as well as for another property located at 774 Herkimer Street, Brooklyn, New York 11233. (*Id.*, at ECF 15–17, 19–22.)[3] Plaintiff does not include documents related to any foreclosure or provide any information regarding the foreclosure. Plaintiff seeks, *inter alia*, damages, "discharge of mortgage," and "discharge [of] the loan from plaintiff's credit report." (*Id.*, at ECF 11.)

On June 8, 2022, Plaintiff filed a nearly identical complaint against U.S. Bank National Association and two other Defendants—Elpiniki M. Bechaska and Credit Suisse Financial Corporation—concerning the Property. *See Smith v. US Bank Nat'l Assoc., et al.,* No. 22-CV-3426 (PKC) (LB) (E.D.N.Y. filed June 8, 2022). By Memorandum and Order dated July 11, 2022 ("July 11 Order"), the Court granted Plaintiff's application to proceed IFP, dismissed the Complaint, and granted Plaintiff leave to amend the Complaint within 30 days from the date of the Order. (*Id.*, July 11 Order, Dkt. 4, at 5–6.) The Court has considered whether this action is in response to the Court's July 11 Order and finds it unlikely that Plaintiff would have received the July 11 Order in No. 22-CV-3426 (PKC) (LB) before he submitted this action to the Court. Moreover, Plaintiff does not reference the 22-CV-3426 (PKC) (LB) action, nor does he title this action as an amended complaint as instructed by the Court's July 11 Order. (*See id.*, July 11 Order, Dkt. 4, at 5.) Therefore, the Court shall address this submission as a new action and not in response to the Court's July 11 Order in 22-CV-3426 (PKC) (LB).

---

[3] It is not clear what relevance, if any, the documents related to the 774 Herkimer Street property have to this action.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester County*, 3 F.4th 86, 90–91 (2d Cir. 2021) (citation omitted). Courts "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

**I.   Federal Court Jurisdiction**

Federal courts are courts of limited jurisdiction and must independently verify the existence of subject matter jurisdiction before proceeding to the merits. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016) (citation omitted). Congress has granted district courts two types of subject matter jurisdiction: (1) federal question jurisdiction, under 28 U.S.C. § 1331 over "cases in which there is a federal question," and (2) diversity jurisdiction, under 28 U.S.C. § 1332 over "certain cases between citizens of different states, so long as the requirements of complete diversity and amount in

controversy are met." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013). The plaintiff bears the burden of establishing either type of subject matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

## II.   Plaintiff Fails to Sufficiently Allege Federal Question Jurisdiction

Federal question jurisdiction exists where a plaintiff's cause of action is based on a violation of federal law or where "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (citations and internal quotation marks omitted). Here, Plaintiff's claim that Defendants lacked standing to commence foreclosure proceedings, presumably in state court, does not provide a basis for this Court's subject matter jurisdiction. As explained below, this Court cannot make determinations on the legal viability of a foreclosure or any other proceeding filed in state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Thus, the Court lacks federal question jurisdiction over his claim that Defendants lacked standing to commence a foreclosure proceeding in state court. 28 U.S.C. § 1331.

Although Plaintiff lists thirteen counts referencing various federal statutes and regulations (*see* Compl., Dkt. 1, at ECF 1-3), he provides no facts to support a claim under any of these federal statutes or regulations. "Simply raising a federal issue in a complaint will not automatically confer federal question jurisdiction." *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002). There is no subject matter jurisdiction if "the purported federal claim is clearly immaterial and

made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." *Southern New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010) (citations and internal quotation marks omitted).

### III.     Plaintiff Fails to Sufficiently Allege Diversity Jurisdiction

Similarly, Plaintiff fails to provide a basis for diversity jurisdiction over this matter under 28 U.S.C. § 1332. For instance, he fails to allege his citizenship and the citizenship of each defendant named, he fails to set forth the amount in controversy, and he fails to allege the state law at issue. Thus, the Court also lacks diversity jurisdiction over this matter. 28 U.S.C. § 1332.

### IV.     This Court Has No Jurisdiction Over Claims Challenging State Court Judgments

Although Plaintiff claims that he is not "arguing the issues on the foreclosure" (Compl., Dkt. 1, at ECF 9), the Court nonetheless advises him that pursuant to the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction over claims that effectively challenge state court judgments. *See Rooker*, 263 U.S. at 416; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983). The doctrine applies when (1) the federal court plaintiff has lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites the federal court to review and reject that judgment; and (4) the state court judgment was rendered prior to the commencement of proceedings in the district court. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005); *see also Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005). Thus, to the extent Plaintiff is seeking to challenge a state court judgment of foreclosure, this Court would lack jurisdiction. *See Swiatkowski v. New York*, 160 F. App'x 30, 32 (2d Cir. 2005) (state foreclosure action and judgment barred from district court review by *Rooker-Feldman* doctrine); *Desir v. Florida Cap. Bank, N.A.*, 377 F. Supp. 3d 168, 172

(E.D.N.Y. 2019) ("[C]ourts in this circuit routinely dismiss challenges to state court foreclosure judgments under *Rooker-Feldman*.").

## CONCLUSION

For the reasons explained above, Plaintiff's Complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Ordinarily, because of Plaintiff's *pro se* status, the Court would grant him leave to file an amended complaint. However, because Plaintiff has filed a nearly identical complaint concerning the Property in No. 22-CV-3426 (PKC) (LB) and because the Court has granted Plaintiff 30 days to file an amended complaint in that case, the Court is not going to grant Plaintiff leave to amend the complaint in this case, since such an effort would be duplicative and unnecessary.

As the Court warned Plaintiff in No. 22-CV-3426 (PKC) (LB), if he does not file an amended complaint within the 30-day period in that case, the Court will direct the Clerk of Court to enter judgment in No. 22-CV-3426, and close that case, which will effectively foreclose the possibility of Plaintiff bringing the claims he has attempted to assert in this action as well. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 22, 2022
      Brooklyn, New York